IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **EMMETT SCOTT PLUMMER #25987** § | | **PETITIONER** |
| § | | |
| v. § | | **Civil Action No. 1:15CV50 HSO-JCG** |
| § | | |
| **FRANK SHAW** § | | **RESPONDENT** |

## REPORT AND RECOMMENDATIONS

BEFORE THE COURT is the Application of Emmett Scott Plummer ["Petitioner"] for Writ of Habeas Corpus [1] pursuant to Title 28, United States Code, Section 2254 filed February 23, 2015. On June 3, 2015, Frank Shaw ["Respondent"] filed a Motion to Dismiss [8] the instant Petition as barred by the applicable statute of limitations pursuant to 28 U.S.C. § 2254(d). Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the deadline for Petitioner to file a response in opposition to Respondent's Motion to Dismiss was June 19, 2015. On July 17, 2015, the Court entered an Order to Show Cause [9] directing Petitioner to file a response to Respondent's Motion to Dismiss, or to show cause why this Court should not grant Respondents' Motion and dismiss his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. The deadline for Petitioner to comply with the Court's Show Cause Order was July 17, 2015. To date, Petitioner has failed to comply with the directives set forth in the Court's Show Cause Order [9].[1] Having considered

---

[1] The Acknowledgment of Receipt [10] was returned to and filed by the Clerk of Court on July 22, 2015.

the Motion, pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that the Motion of the Respondent be granted.

## I. FACTS AND PROCEDURAL HISTORY

In April of 2008, Petitioner entered pleas of guilty to the crimes of felony child abuse and transfer of a controlled substance, in the First Judicial District of the Circuit Court of Harrison County, Mississippi. Petitioner was sentenced to a term of ten [10] years on the transfer charge and to a term of ten [10] years on the felony child abuse charge. Petitioner's sentences were ordered to run concurrently, with four [4] years to serve in the custody of the Mississippi Department of Corrections ["MDOC"]. Petitioner's sentence included a three [3] year term of post-release supervision and three [3] years non-reporting post-release supervision. In July of 2012, during his supervised release, Petitioner violated the terms of his post-release supervision which resulted in revocation of his suspended sentence. On July 16, 2012, Petitioner was credited with time served and returned to MDOC custody to serve his remaining sentences concurrently.  Ex. "D" [8-4] att. to Mot. to Dismiss.

On July 20, 2012, and on November 5, 2012, counsel for Petitioner filed Motions for Reconsideration in the Circuit Court of Harrison County requesting the trial judge to alter and amend the revocation of Petitioner's sentence. These motions were denied by the Circuit Judge on October 23, 2012, and on February 7, 2013, respectively.

On November 3, 2014, Petitioner filed a Motion for Post-Conviction Relief ["PCR"] in the Circuit Court of Harrison County, challenging the indictment and sentence calculation and alleging a speedy trial violation.  Ex. "I" [8-9] att. to Mot. to Dismiss.  The Harrison County Circuit Court denied Petitioner's PCR Motion on January 5, 2015.  Thereafter, a "Petition for Writ of Prohibition" was filed in the Mississippi Supreme Court.  Ex. "K" [8-11] att. to Mot. to Dismiss. The Mississippi Supreme Court denied Petitioner's Motion by Order entered January 28, 2014.  Ex. "L" [8-12] att. to Mot. to Dismiss.

On February 23, 2015, Petitioner filed the instant § 2254 Application asserting violations of his Eighth Amendment Constitutional Rights, challenging the validity of his indictment, and arguing expiration of his sentence.  § 2254 Petition [1], pp. 5-6, 7-8.  Petitioner seeks to: "vacate and render both convictions and sentences." *Id*. at p. 15.  Respondent filed the instant Motion to Dismiss [8] pursuant to 28 U.S.C. § 2244(d).

## II. DISCUSSION

A. APPLICATION OF THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

The Antiterrorism and Effective Death Penalty Act ["AEDPA"] provides in part as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under subsection (d)(1)(A), the "one-year period begins to run from the date on which the state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Mark v. Thaler*, 646 F.3d 191 (5th Cir. 2011)(internal citations and quotations omitted). A state court conviction is "final" when there is no further "availability of direct appeal to the state courts." *Id*.

Inasmuch as Petitioner entered guilty pleas, he had no right to a direct appeal of his judgment of conviction after the statutory 30 day period. *See* MISS. CODE ANN. § 99-35-101 (1972).[2] In the present case, Petitioner was sentenced on April 18, 2008.

---

[2]"Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed." MISS. CODE

Respondent notes the statutory provision in place regarding the availability of a direct appeal following the entry of Petitioner's guilty plea:

> the Mississippi Supreme Court had carved out an exception, allowing an appeal from a guilty plea within thirty (30) days when the issue concerned an alleged illegal sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001). The Mississippi Court of Appeals has since recognized that this exception no longer applies to guilty pleas taken after the July 1, 2008, effective date of the new amendment to Mississippi Code Annotated §99-35-101 (Supp.2009). *Seal v. State*, 38 So.3d 635 (Miss. App. 2010).

Resp. Mot. to Dismiss [8], n. 3  at p. 3.

Respondent further concedes that because Petitioner's guilty plea was taken before the effective date of this amendment, he is entitled to the benefit of the earlier exception and the benefit of the thirty [30] additional days. *Id*.  As such, Petitioner's judgment of conviction became final on May 18, 2008, thirty days after he was sentenced. Petitioner's deadline for filing for habeas relief challenging his guilty pleas and sentences in this Court was May 18, 2009, subject to the tolling provisions set forth in 28 U.S.C. § 2244(d)(2).  The instant Petition, challenging his pleas, indictment, and sentences, was filed on February 23, 2015,[3] and over five years beyond the deadline.

---

ANN. § 99-35-101.

[3]The instant Petition was signed on February 13, 2015, and filed in this Court on February 23, 2015.   Under the "mailbox" rule, a *pro se* habeas petition is deemed filed on the date that it is delivered to prison officials for mailing to the district court. *Richards v. Thaler*, 710 F.3d 573, (5th Cir. 2013) (quoting *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999)); *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011).  Petitioner filing for habeas relief in this Court on February 13, 2015, is well beyond the one-year deadline.

The Fifth Circuit has explicitly held that the one year statute of limitations period begins to run from the date of the judgment of conviction. "The mere existence of an application for state habeas relief does not . . . prevent the one year period of limitation from beginning until the state habeas application is finally decided. Rather, § 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one year period." *Flanagan v. Johnson*, 154 F.3d 196, 199, n. 1 (5th Cir. 1998).

On July 16, 2012, the Harrison County Circuit Court entered an Order revoking Petitioner's probation and sentencing him to serve the remaining time pursuant to the original sentence. The Order was filed July 19, 2012. Inasmuch as Mississippi law does not permit an appeal of right from a revocation of a suspended sentence, Petitioner's revocation of sentence likewise did not entitle him to a direct appeal. *Beasley v. State*, 795 So. 2d 539, 540, ¶ 6 (Miss. 2001) (quoting *Griffin v. State*,"an order revoking a suspension of sentence or revoking probation is not appealable." 382 So. 2d 289, 290 (Miss. 1980)). The deadline for Petitioner to timely file for habeas relief in this Court was July 16, 2013, subject to the tolling provisions set forth in 28 U.S.C. § 2244(d)(2).

In the present case, the tolling provision was implicated during the pendency of Petitioner's two motions for reconsideration in the state court. Petitioner's Motion to Reconsider the Revocation was filed in the Harrison County Circuit Court on July 20, 2012. Ex. "E" [8-5] att. to Mot. to Dismiss. The Circuit Court denied Petitioner's Motion to Reconsider on October 23, 2012, and the Order was filed on October 25, 2012.

Ex. "F" [8-6] att. to Mot. to Dismiss. A Motion to Reconsider Corrected Order was filed on behalf of Petitioner on November 5, 2012, Ex. "G" [8-7] att. to Mot. to Dismiss, and denied by the Circuit Court by Order entered on February 7, 2013. Ex. "H" [8-8] att. to Mot. to Dismiss. In accord with §2244, Petitioner is entitled to tolling during the pendency of these two motions being filed and ruled upon. As such, 189 days was added to the July 16, 2013, deadline for Petitioner to timely file for habeas relief in this Court, for a new deadline of January 21, 2014. Petitioner filed the instant Petition on February 13-25, 2015, over one year beyond January 21, 2014, the date that Petitioner's sentence revocation was upheld.

Petitioner's Motion for PCR relief was filed on November 3, 2014, and denied by the Circuit Court on January 5, 2015. On January 14, 2015, a "Petition for Writ of Prohibition" was filed in the Mississippi Supreme Court, and was denied by Order entered on January 28, 2015. Respondent correctly notes that because Petitioner's PCR Motion was filed well beyond the January 21, 2014, one year deadline, it does not serve to toll the limitations period in this case. *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263, n. 3 (5th Cir. 2000) ("state habeas application did not toll the limitations period under 2244(d) because it was not filed until *after* the period of limitation had expired.")

For these reasons, the undersigned is of the opinion that Plummer's Petition is barred by the statute of limitations, and should be dismissed.

B.   WHETHER OR NOT EQUITABLE TOLLING APPLIES IN THIS CASE

"The doctrine of equitable tolling preserves a plaintiff's claims when strict


application of the statute of limitations would be inequitable." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). In order "to obtain the benefit of equitable tolling, a petitioner has the burden of showing (1) that he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (quoting *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012); *see also Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013).

This Court has discretion as to whether to equitably toll the instant petition. "The court's judicious discretion equitably to toll helps safeguard habeas while still fulfilling Congress's express desire to accelerate the process. A court can allow an untimely petition to proceed under the doctrine of equitable tolling in 'extraordinary circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Cockrell*, 294 F.3d at 629.

The Fifth Circuit has consistently held that:

[t]he doctrine of equitable tolling is applied restrictively and, as we have held repeatedly, is entertained only in cases presenting rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable. Here, Johnson has provided no reason for missing the deadline by years, much less a rare and exceptional one. As this Court has long stated, equity is not intended for those who sleep on their rights.

*In re Johnson*, 325 F.App'x 337, 341 (5th Cir. 2009) (internal citations omitted).

While it can be inferred that Petitioner pursued his habeas relief in state court

with reasonable diligence, Petitioner makes no mention that his claims present "rare and exceptional" circumstances that warrant consideration outside the confines of the AEDPA limitations period. Petitioner avers that "there is no limitation to an invalid indictment; [and] Petitioner's sentences recently became expired." §2254 Pet. [1] at p. 13.

While Petitioner's allegations are not completely transparent, the law is clear that Petitioner has an extraordinary stringent burden to present circumstances that are indeed "rare and exceptional." "Neither a Plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.1999); *see also Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("decision whether to equitably toll the limitations period turns on the facts and circumstances of each case.")

Having considered the record, the briefs and pleadings before the Court, and the relevant law, it is the opinion of the undersigned that Petitioner has neither timely pursued habeas relief in accordance with controlling Fifth Circuit law, nor has he presented "rare and exceptional" circumstances. As such, equitable tolling appears inapplicable under the given circumstances.

### III. RECOMMENDATION

Having considered the Motion, the record, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that the Respondent's Motion [8] be granted and the Application for Writ of Habeas Corpus [1] filed by Petitioner Emmett Scott Plummer pursuant to 28 U.S.C. § 2254 be dismissed as barred

by the statute of limitations.

### IV.  NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 12th day of August, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE