IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EMMETT SCOTT PLUMMER**                                      **PETITIONER**

**VERSUS**                          **CIVIL ACTION NO. 1:15-cv-50-HSO-JCG**

**FRANK SHAW**                                                **RESPONDENT**

### ORDER ADOPTING MAGISTRATE JUDGE'S [11] REPORT AND RECOMMENDATIONS, GRANTING RESPONDENT'S [8] MOTION TO DISMISS, AND DISMISSING [1] PETITION FOR WRIT OF HABEAS CORPUS

This matter comes before the Court on the Report and Recommendations [11] of United States Magistrate Judge John C. Gargiulo, entered in this case on August 12, 2015, and the Motion to Dismiss [8] filed by Respondent Frank Shaw on June 3, 2015.  The Magistrate Judge recommended that Respondent's Motion to Dismiss [8] be granted and that Petitioner Emmett Scott Plummer's Petition for Writ of Habeas Corpus [1] be dismissed as barred by the statute of limitations.  R. & R. [11] at 9-10. After due consideration of the Report and Recommendations [11], the Motion to Dismiss [8], the record, and relevant legal authorities, the Court finds that the Magistrate Judge's Report and Recommendations [11] should be adopted, that Respondent's Motion to Dismiss [8] should be granted, and that Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed.

I. BACKGROUND

A.   Factual Background

On or about August 14, 2008, Petitioner Emmett Scott Plummer

("Petitioner") entered guilty pleas to the crimes of transfer of a controlled substance and felony child abuse in two different cases in the Circuit Court of Harrison County, Mississippi, First Judicial District (the "Circuit Court").  Pet. [1] at 1; Sentencing Order [8-3] at 1-3.  Petitioner was sentenced to two ten-year terms of imprisonment, to run concurrently.  Pet. [1] at 1; Sentencing Order [8-3] at 2; Order [1-1] at 1.  The Circuit Court suspended six years in each case, leaving Petitioner to serve a four-year sentence incarcerated by the Mississippi Department of Corrections ("MDOC"), with credit for time served prior to his guilty plea.  Pet. [1] at 1; Sentencing Order [8-3] at 2; Order [1-1] at 1.  The sentence also included a three-year term of reporting post-release supervision.  Sentencing Order [8-3] at 2.

On July 16, 2012, the Circuit Court heard a Petition for Revocation of Probation filed against Petitioner by a field officer with the MDOC.  Order [8-4] at 1.  The Circuit Court found Petitioner in violation of the terms of his probation and revoked his probation.  *Id.*  The Circuit Court sentenced Petitioner to serve the remaining six years in each case, concurrently, for a total of six years in the custody of the MDOC, with credit for time served.  *Id.*

On July 20, 2012, and November 5, 2012, Petitioner filed Motions for Reconsideration, through legal counsel, asking the trial judge to alter and amend the revocation of Petitioner's sentence.  Mot. [8-5] at 1-2; Mot. [8-7] at 1-2.  The Circuit Court denied these Motions in Orders entered on October 23, 2012, and February 7, 2013, respectively.  Order [8-6] at 1; Order [8-8] at 1.

On November 3, 2014, Petitioner filed a Petition for Writ of Habeas

Corpus/Motion to Vacate Conviction and Sentence/Motion for Expiration of Sentences [8-9] in the Circuit Court.  Pet. [1] at 3; Pet. [8-9] at 1-7.  The Circuit Court denied the Motion on January 5, 2015.  Pet. [1] at 3, 6; Order [8-10] at 1-2. On January 14, 2015, Petitioner filed a Petition for Writ of Prohibition with the Mississippi Supreme Court.  Pet. [1] at 6; Pet. [8-11] at 2-5.  The Mississippi Supreme Court denied the Petition by Order entered January 28, 2015.  Pet. [1] at 6; Order [8-12] at 1.

B.   Procedural History

On February 23, 2015, Petitioner filed a Petition for Writ of Habeas Corpus [1] in this Court, naming Frank Shaw as Respondent ("Respondent").  Pet. [1] at 1. Petitioner signed the Petition on February 13, 2015.  *Id*. at 15.  On March 26, 2015, the Court entered an Order [4] denying Petitioner's Application to Proceed *In Forma Pauperis* [3].  The Court warned Petitioner that "failure to keep this Court informed of his current address may result in this case being dismissed."  Order [4] at 2.

On June 3, 2015, Respondent filed a Motion to Dismiss [8] arguing that the Petition was barred by the applicable statute of limitations pursuant to 28 U.S.C. § 2254(d).  Mot. to Dismiss [8] at 7.  Petitioner did not respond.  On July 17, 2015, the Magistrate Judge entered an Order to Show Cause [9] ordering Petitioner to show cause by August 6, 2015, why the Motion to Dismiss [8] should not be granted and why the Petition should not be dismissed.  Order [9] at 1-2.  Petitioner failed to respond to the Order to Show Cause [9].

On August 12, 2015, the Magistrate Judge entered a Report and Recommendations [11], recommending that Respondent's Motion [8] be granted and that the Petition for Writ of Habeas Corpus [1] be dismissed as barred by the statute of limitations. R. & R. [11] at 9-10. A copy of the Report and Recommendations was mailed to Petitioner at his address of record via certified mail return receipt requested on August 12, 2015. On August 26, 2015, the envelope containing the Report and Recommendations was returned to sender. Envelope [13] at 1. A handwritten note on the envelope indicates that "[i]nmate is no longer housed here." *Id.*

Three months have passed since the Magistrate Judge entered his Report and Recommendations, and Petitioner has not updated his mailing address with the Clerk of Court. Nor has Plaintiff filed any objections to the Report and Recommendations, and the time for doing so has passed. Plaintiff has not filed anything in this case since he submitted his $5.00 filing fee on April 16, 2015, over six months ago.

## II.  DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219,

1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. Petitioner's application for habeas relief is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1).

Moreover, this Court has the authority to dismiss an action for Petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *See Link*, 370 U.S. at 629-30.

Petitioner has not kept the Court apprised of his mailing address, even after being warned that failure to do so might result in the dismissal of his case. Order [4] at 2. Petitioner has filed nothing in this case since his filing fee was paid on April 16, 2015. Such inaction represents a clear record of delay or contumacious conduct by Petitioner. It is apparent to the Court that Petitioner no longer wishes to pursue this case. Dismissal is warranted.

### III.  CONCLUSION

For the reasons stated herein, the Court will adopt the Magistrate Judge's

Report and Recommendations as the opinion of this Court and will dismiss Petitioner's Petition for Writ of Habeas Corpus.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendations [11] of United States Magistrate Judge John C. Gargiulo, entered in this case on August 12, 2015, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion to Dismiss [8] filed by Respondent Frank Shaw on June 3, 2015, is **GRANTED**, and Petitioner Emmett Scott Plummer's Petitioner for Writ of Habeas Corpus [1] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 12th day of November, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE